IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )        2:21cr42-MHT
                            )            (WO)
JOHN ADAM VINSON, JR.       )
```

ORDER

This case is before the court on defendant John Adam Vinson, Jr.'s unopposed motion to continue trial. Based on the representations made therein, and for the reasons set forth below, the court finds that the trial, now set for March 14, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a

      judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

    The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Vinson in a speedy trial. Defense counsel represents that there is a high probability that the State of Alabama will prosecute Vinson for offenses that would be considered relevant

conduct to the current offenses. Defense counsel also represents that Vinson is likely to enter a guilty plea and that he is in the midst of negotiating and finalizing a global plea agreement with the United States and the State of Alabama. Following this court's previous continuance of this trial, *see* December 28, 2021 Order (Doc. 60), defense counsel has received a "draft plea agreement" and shared it with Vinson. Def.'s Unopposed Mot. To Continue (Doc. 63) at 1. Defense counsel also asserts that that Vinson and the government are currently finalizing the agreement. Vinson faces an extremely severe sentence from both jurisdictions if convicted. The government does not oppose the motion. The court finds that, given the complexity of negotiating a plea agreement involving multiple offenses and jurisdictions, a continuance of the trial is necessary in order to allow Vinson sufficient time to attempt to negotiate a plea agreement with the United States and the State of Alabama

3

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant John Adam Vinson, Jr.'s unopposed motion to continue trial (Doc. 63) is granted.

(2) The jury selection and trial, now set for March 14, 2022, are reset for April 4, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and, where warranted, shall reset the deadlines for filing pretrial motions and notice of change of plea in light of this order.

DONE, this the 23rd day of February, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**